UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-23207-CIV-JORDAN/TORRES

KENNETH TREISTER and
HELYNE TREISTER,

       Plaintiffs,

vs.

PNC BANK,

       Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter is before the Court upon Defendant's Motion to Compel [D.E. 29] better responses to admissions and production requests. The Court has reviewed the Motion, Plaintiff's Response [D.E. 31], Defendant's Reply [D.E. 37], as well as the record in the case. For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. To the extent the Motion is being granted, responsive admissions responses and documents for production shall be served on Defendant's counsel no later than ten (10) days from the date of this Order.

*I.   BACKGROUND*

This is an action to recover monies allegedly misappropriated by an employee of Plaintiffs who forged signatures on checks from their financial management account. Plaintiffs have sued Defendant PNC Bank, the clearing bank on their account, for alleged breaches of duties owed to Plaintiffs by Defendant that caused or contributed to their financial losses.

Defendant served various admissions and production requests upon Plaintiff pursuant to Fed. R. Civ. P. 36 and 34. Plaintiffs responded to those requests with objections to certain requests that are at issue here. After unsuccessful efforts to resolve those disputes, Defendant filed the pending motion to compel to obtain better responses to the discovery requests. Plaintiff argues that the responses are sufficient, that their objections were well grounded, and that no further response is necessary.

## II. ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved. . . ." Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002); *e.g., In re Theragenics Corp. Secs. Litigation,* 205 F.R.D. 631, 636-37 (N.D. Ga. 2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001).

To sustain its objections in response to the pending motion to compel, the Plaintiffs must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case. *See id.* (citing *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978)); *Graham,* 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). This means that the requested discovery (1) does not come within the broad scope of relevance as

defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *Giardina v. Lockheed Martin Corp.,* 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg,* 197 F.R.D. 519 (M.D. Fla. 2000). On the other hand, even if requested discovery is relevant and discoverable, Plaintiffs can seek to limit the discovery to the extent it is unreasonably cumulative or if it is obtainable from some other more convenient and less burdensome source. Fed. R. Civ. P. 26(b)(2).

In the context of discovery relating to requests for admission, under Rule 36(a), Fed. R. Civ. P., a similar analysis must be undertaken. "Rule 36 of the Federal Rules of Civil Procedure governs requests of admission, allowing a party to serve 'on any other party a written request for the admission… of the truth of any matters within the [general scope of discovery] set forth in the request that relate to statements or opinions of fact or of the application of law to fact.'" *Perez v. Miami-Dade County,* 297 F.3d 1255, 1263-64 (11th Cir. 2002) (brackets in original). The scope of a Rule 36(a) request for admission extends to the boundaries set forth in Rule 26(b)(1). Fed. R. Civ. P. 36(a). Furthermore, a party demanding admissions is required to set forth its requests simply, directly, not vaguely or ambiguously, and the request should be answered in simple "admit" or "deny" terms without further explanation. *Interland, Inc. v. Bunting,* 2005 WL 2414990, at *8 (N.D. Ga. Mar. 31, 2005).

    A.    ***Admissions Requests at Issue***

Defendant contends that Plaintiffs' objections to Admissions Request Nos. 11, 89, 90, 91, 92 and 93 should be overruled. As to each Request, Plaintiffs objected that "this request calls for a legal conclusion that cannot be fairly admitted or denied by Plaintiffs who are not lawyers." Plaintiffs' objection is based on the argument that admissions

requests are not proper for statements that are purely conclusions of law, and which the parties themselves would not be able to answer without the assistance of their counsel.

Before addressing the individual requests themselves, the general argument Plaintiffs make is without merit. Citing several cases that pre-dated the 1970 amendments to Rule 36, Plaintiffs' argument boils down to the conclusion that only statements of fact that a lay person like these Plaintiffs can answer, without input from their lawyers, must be admitted to or denied. After the 1970 amendments, that argument is no longer possible as the Committee expressly contemplated that requests that were designed to narrow the legal issues for trial were entirely proper. Thus, as the Eleventh Circuit recognized in *Perez,* "statements or opinions of fact or of the application of law to fact" are appropriate responses to admissions requests under Rule 36. 297 F.3d at 1264-64.

Furthermore, the argument that these Plaintiffs would lack any legal expertise with which to answer these admissions is also belied by the current framework of the discovery rules that repeatedly requires the disclosure of information in discovery that is in the possession of the parties themselves, their attorneys, or any other agent that they control. This is best evidenced by the current certification rule that squarely requires an attorney's signature on every discovery response to ensure that the lawyer has made reasonable inquiry to determine that her client's responses are fully complete. *See* Fed. R. Civ. P. 26(g); *e.g., Green Leaf Nursery v. E.I. duPont de Nemours and Co.,* 341 F.3d 1292, 1305 (11th Cir. 2003) (signature of counsel certifies that counsel has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand).

This is also evidenced by the duty of supplementation found in Rule 26(e) that requires the party to supplement any earlier discovery responses known to be incomplete or inaccurate, which is a duty that obviously only the lawyer can reasonably carry out.

And, most clearly, because Rule 36 requires a response to an admission request designed to elicit statements or opinions of fact or application of law to fact, the drafters of the Rule were obviously intending that lawyers be actively involved in that process.  It is, today, not an acceptable response to say that the client on her own could not provide information in any discovery response simply due to her lack of legal training.  That is the lawyer's responsibility just as much as it is the client's.

With that understanding, the individual requests in question may be quickly addressed.  Request No. 11 sought an admission that "PNC Bank was not required to provide to you copies of any cancelled checks drawn and cleared on your Smith Barney account."  This request clearly calls for an application of law to fact.  Plaintiffs, together with their lawyer, must respond.  Plaintiff's objection is **OVERRULED** and Defendant's Motion is **GRANTED**.

On the other hand, Request Nos. 89 - 93 contain numerous sub-part and disjunctive connectors by the use of multiple "and/or" statements.  The Court cannot compel an answer to these requests on a different ground; the form of the requests makes it impossible for anyone to answer with a straightforward admission or denial because it is not written in a simple declarative fashion.  The requests are thus improper and need not be answered.  Defendant's Motion is **DENIED** with respect to these requests, with leave of course for Defendant to serve new requests that are more appropriately tailored to an admissions request and not to a law school exam.  Otherwise, the whole purpose of Rule 36 would be useless because a Denial of these requests would be required and sustained if challenged.  If there is no way to phrase these statements with any more

clarity and simplicity, then perhaps Plaintiffs are correct that these issues are not properly the subject of an admissions request. The Court will leave this matter for Defendant to consider in the event that a new admission request is served. In that event, and even if the request is deemed too complex and disjointed, Plaintiff shall nevertheless answer them with an "admit" or "deny" in accordance with this Order. Plaintiffs shall also do so whether or not they believe that the requests relate to a "central issue in dispute." The Court does not find that this type of objection precludes them from answering.

### B.   *Production Requests at Issue*

Defendant's Motion also challenges Plaintiffs' failure to produce documents and objections to Defendants' Second and Third Requests for Production. With respect to the documents at issue from the Second Request, the Court finds that based on this record it does not appear that there is anything left to compel. Plaintiffs' response and their memorandum filed in opposition to the motion continue to represent that no responsive documents have been located. To challenge that representation, Defendant can obviously question the Plaintiffs at their depositions regarding what efforts they made to obtain any documents with their original signatures during the time frame in question, as well as why they cannot locate any such documents. Plaintiffs' counsel shall, however, review this matter with his clients because at their depositions they will be required to certify under oath that the representation contained in their responses to the discovery requests and this motion are true and correct. In the event that there are now documents that are responsive, they should be immediately produced. The Motion is, for now, **DENIED**.

With respect to the documents referenced in the Third Request for production, the Motion is **GRANTED** to ensure that the responsive documents at issue are or have been produced, as counsel represents. This Order applies to any documents produced by any third parties in the case identified at 05-22619-Civ-Graham, that are in the possession,

custody or control of the Plaintiffs or their current or former counsel.[1]  The Order also applies to the transcript that Plaintiffs' counsel advised he was securing.  To the extent these requests are not already moot, responsive documents shall be produced.

**DONE and ORDERED** in the Chambers at Miami, Florida this 15th day of February, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

---

[1] There should be no privilege issue with respect to these documents as they are by definition from third parties.  The Court's Order excludes any privileged communications from agents retained by Plaintiffs for purposes of litigation, such as experts or consultants, as well as, of course, their lawyers.  If, notwithstanding this understanding, Plaintiffs are claiming a privilege to third party documents, a privilege log shall be produced in accordance with the Court's Local Rules.